UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: ADC Telecommunications
ERISA Litigation.

**ORDER**

Civil No. 03-2989 ADM/FLN

---

Scott E. Poynter, Esq., Emerson Poynter LLP, Little Rock, AR, and Thomas V. Seifert, Esq., Head, Seifert & Vander Weide, Minneapolis, MN, appeared for and on behalf of Plaintiffs.

Stephen P. Lucke, Esq., and Thomas P. Swigert, Esq., Dorsey & Whitney LLP, Minneapolis, MN, appeared for and on behalf of Defendants.

---

On July 14, 2006, Plaintiffs' Motion for Preliminary Approval of Settlement, Conditional Certification of Settlement Class, Approval of Notice Plan, and Setting of Final Fairness Hearing [Docket No. 255] was heard before the undersigned United States District Judge.

**WHEREAS**, this matter having come before the Court for an Order: (1) preliminarily approving the Settlement of the above-captioned lawsuit (the "Lawsuit"), pursuant to the terms and conditions of the Settlement Agreement and Release in this Action ("Settlement Agreement"); (2) approving the form of Class Notice and Publication Notice and the mailing of Class Notice; (3) conditionally certifying the Settlement Class under Fed. R. Civ. P. 23(a) and (b)(1) and/or (b)(2) for purposes of the Settlement, and the final approval thereof; (4) scheduling a hearing to consider the fairness of the Settlement pursuant to Fed. R. Civ. P. 23(e), to consider the application for Attorneys' Fees and Expenses by Plaintiffs' Counsel, and to consider Plaintiffs James Carnahan and Michael Anderson's ("Plaintiffs") applications for Case Contribution Compensation, this Court having conducted a preliminary review of the Settlement Agreement, and the pleadings and records on file, and good cause appearing, it is hereby

**ORDERED** as follows:

1. To the extent not otherwise defined herein, all capitalized terms shall have the same meaning as used in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Lawsuit and over all parties to it, including all members of the Settlement Class and Defendants.

3. Pursuant to Fed. R. Civ. P. 23(b)(1) and/or (b)(2) and for the purposes of the settlement only, the Lawsuit is hereby conditionally certified as a class action on behalf of:

> All persons who were participants in or beneficiaries of the ADC Telecommunications, Inc. Retirement Savings Plan whose individual accounts in the Plan purchased or held units in the ADC Stock Fund at any time from February 24, 2000 through October 26, 2005.

4. Solely for the purposes of this settlement, the Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(1) and/or (b)(2) have been satisfied in that: (a) the number of Settlement Class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class; (c) the claims of the Class Representative (defined below) is typical of the claims of the members of the Settlement Class he seeks to represent; (d) the Class Representative will fairly and adequately represent the interests of the Settlement Class; (e) the prosecution of separate actions by or against individual members of the class would create a risk of (1) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (2) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; and (f) the party opposing the class has acted or refused to

act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

5.      Pursuant to Fed. R. Civ. P. 23, the Court appoints Michael Anderson as Class Representative for settlement purposes only.  The Court appoints Schiffrin & Barroway, LLP, Emerson Poynter, LLP, and Head Seifert & Vander Weide as counsel for the class.  Notice of this Order granting Preliminary Class Certification shall be provided to all members of the Settlement Class, as detailed below.

6.      The Settlement documented in the Settlement Agreement is hereby **PRELIMINARILY APPROVED** as appearing to be fair, reasonable, and adequate; to have been the product of informed and extensive arms' length negotiations among the parties; and to reflect the hard-fought compromise between the parties; and to be in the best interest of the class members.

7.      The Court finds that the form of the Class Notice attached to the Affidavit of Joseph H. Meltzer [Docket No. 255] as Exhibit D, is **APPROVED**.  In a form substantially similar to Exhibit D, such Class Notice shall be mailed by first class mail, postage prepaid to the last known address of all Settlement Class members on or before **August 3, 2006**.  Plaintiffs' Counsel shall file an affidavit, at or before the Settlement Fairness Hearing (described below), attesting to the mailing of the Class Notice with the Court.  Within three (3) calendar days after receiving preliminary approval of the Settlement Agreement, ADC shall request Ameriprise as plan recordkeeper to provide directly to Settlement Class Counsel or Settlement Class Counsel's designee a list (in electronic form) containing the names and current or last known addresses of

all persons believed to be Settlement Class Members as set forth in paragraph 14(a) of the Settlement Agreement.

8. The form and manner of delivery and publication of the notices directed hereby and in the Settlement Agreement meet the requirements of Fed. R. Civ. P. 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all members of the Settlement Class.

9. The Garden City Group, Inc. is hereby appointed the Claims Administrator to supervise and administer, in conjunction with the Parties, the notice process and aid in the effectuation of the monetary portion of the Settlement. Class Counsel shall post the Settlement Agreement and all exhibits thereto on the internet website, http://www.ADCerisasettlement.com, on or before **August 3, 2006**.

10. A hearing (the "Final Approval Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby **SCHEDULED** to be held before the Court on **October 16, 2006, at 11:00 a.m.** at United States District Court for the District of Minnesota, United States District Courthouse, Courtroom 13W, 300 South Fourth Street, Minneapolis, MN, 55415 for the following purposes:

(i) to determine finally whether the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b)(1) and/or (b)(2) for settlement purposes only;

(ii) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(iii) to determine whether a judgment should be entered dismissing the Lawsuit with prejudice;

    (iv)    to consider whether Plaintiffs' Counsel's application for an award of Attorneys' Fees and Expenses is fair and reasonable and should be approved by the Court;

    (v)    to consider whether the Plaintiffs' Case Contribution Compensation should be paid;

    (vi)    to rule upon such other matters as the Settlement Agreement contemplates, and as the Court may deem appropriate.

    11.    Any of the Parties' papers with respect to whether the Settlement should be approved, and any application by Plaintiffs' Counsel for payment of attorneys' fees and reimbursement of expenses and payment of the Named Plaintiffs' Case Contribution Compensation, together with papers in support thereof, shall be filed with the Court and served on all other parties to the Settlement Agreement on or before **September 22, 2006**. Copies of such materials shall be available for inspection at the Office of the Clerk of the Court, United States District Court for the District of Minnesota, United States District Courthouse, Suite 202, 300 South Fourth Street, Minneapolis, MN, 55415.

    12.    The Court having determined preliminarily that this action may proceed as a non-opt out class action under Fed. R. Civ. P. 23(a) and (b)(l) and/or (b)(2), Settlement Class members shall be bound by any judgment in this Lawsuit, whether favorable or unfavorable, subject to the Court's final determination at the Final Approval Hearing as to whether this Action may so proceed.

    13.    Objections to Settlement – Any Settlement Class Member who objects to the settlement or any aspect thereof, or to Settlement Class Counsel's request for an award of

attorneys' fees and expenses or Plaintiffs' applications for Case Contribution Compensation, may appear in person or through counsel, at his or her own expense, at the final approval hearing to present any evidence or argument that may be proper and relevant.

14. At the Final Approval Hearing, the Court shall consider comments or objections to the certification of the Settlement Class under Fed. R. Civ. P. 23(a) and (b)(l) and/or (b)(2), the Settlement, the award of Attorneys' Fees and Expenses, and the Named Plaintiffs' Case Contribution Compensation. However, no Settlement Class Member shall be heard and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court unless, no later than **September 12, 2006**, the Settlement Class Member files with the Court and mails to Settlement Class Counsel and ADC's counsel (at the addresses specified below), written objections that include (a) a notice of intention to appear, (b) a statement of membership in the Settlement Class, and (c) the specific grounds for the objections and any reasons why the Settlement Class Member desired the Court to consider.

> Joseph H. Meltzer, Esq.
> Edward W. Ciolko, Esq..
> Schiffrin & Barroway, LLP
> 280 King of Prussia Road
> Radnor, PA 19087
>
> Scott E. Poynter, Esq.
> Emerson Poynter LLP
> The Museum Center
> 500 President Clinton Ave., Suite 305
> Little Rock, AR  72201
>
> **Plaintiffs' Counsel**
>
> Stephen P. Lucke, Esq.
> Thomas P. Swigert, Esq.

Dorsey & Whitney, LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN  55402

**Defendants' Counsel**

15.     Attendance at the Final Approval Hearing is not necessary.  However, persons wishing to be heard orally in opposition to the approval of the Settlement, the requests for Attorneys' Fees and Expenses, or the request for the Plaintiffs' Case Contribution Compensation, shall state their intention to appear at the Fairness Hearing in their written objection(s).  Such persons must identify in their written objections the names of any witness they may call to testify, and any exhibits they intend to introduce into the evidence at the Final Approval Hearing.  Settlement Class members do not need to appear at the hearing or take any other action to indicate their approval.

16.     Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in the Lawsuit or in any other action or proceeding.

17.     Pending final determination of whether the Settlement should be approved, the Plaintiffs, all members of the Settlement Class and the Plan, and/or anyone who acts or purports to act on their behalf, are hereby enjoined and shall not institute, commence or prosecute any action, which asserts Settled Claims or Released Claims against any Released Party.

18.     The Court reserves the right to approve the Settlement with such modifications as may be agreed to by counsel for the Parties and without further notice to members of the Settlement Class.

19.     In the event the Settlement is not approved by the Court, or such approval does

not become final and the Effective Date does not occur as provided in the Settlement Agreement, the Settlement and this Order shall become null and void and of no further force and effect;  and neither shall be used or referred to for any purpose whatsoever in this or any other proceeding. In such event, the Settlement Agreement and this Order, and all negotiations and proceedings relating thereto, shall be withdrawn without prejudice as to the rights of any and all parties thereto, who shall be restored to their respective positions prior to the Settlement.

20.   The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate and resolve of any and all disputes arising thereunder.

21.   All funds held in the Escrow Account as described in paragraph 5(b) of the Settlement Agreement shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court.

22.   The Court acknowledges that U.S. Trust is authorized to act on behalf of the Plan in connection with the terms of PTE 2003-39.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 14, 2006.