IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

In Re: ADC Telecommunications, Inc. )
ERISA Litigation ) Master File No. 03-2989 ADM/FLN
)
)

## ORDER AND FINAL JUDGMENT

This action came on for a final hearing on a proposed settlement (the "Settlement") of the action entitled *In Re: ADC Telecommunications, Inc. ERISA Litigation,* 03-CV-2989 (the "Lawsuit") and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.     To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Settlement Agreement And Release in this Lawsuit (the "Settlement Agreement").

2.     The Court has jurisdiction over the subject matter of the Lawsuit and over all parties to them, including all members of the Settlement Class.

3.     Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromise of the Lawsuit and in the best interests of the Settlement Class. It adopts the Settlement Agreement as its judgment, and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

4.     The Court determines that the Settlement Agreement has been negotiated vigorously and at arm's-length by the Plaintiffs and their counsel on behalf of the Plan and the Settlement Class and further finds that, at all times, the Plaintiffs have acted independently and that their interests are identical to the interests of the Plan and the Settlement Class. If settlement

of Plaintiffs' claims had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation.  The Court further finds that the settlement complies with the terms of the Department of Labor's Class Exemption for the Release of Claims and Extensions of Credit in Connection with Litigation PTE 2003-39, and is supported by a determination from an independent fiduciary that the settlement is appropriate for the Plan. Accordingly, the Court determines that the negotiation and consummation of the Settlement by the Plaintiffs on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined in ERISA §§ 406(a) or (b).

5.	The Court determines that the Class Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such Notice provides valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Settlement Agreement, to all persons entitled to such notice, and such Notice has fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

6.	The Court hereby approves the maintenance of the Lawsuit as a class action for settlement purposes only pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(1) and/or, (b)(2), with the class being defined as follows:

> All persons who were participants in or beneficiaries of the ADC Telecommunications, Inc. Retirement Savings Plan (the "Plan") whose individual accounts in the Plan purchased or held units in the ADC Stock Fund at any time from February 24, through October 26, 2005.

7.	The Court appoints Michael Anderson as class representative.  The Court appoints Schiffrin & Barroway, LLP, Emerson Poynter LLP and Head Seifert & Vander Weide as counsel

for the Settlement Class.  The Court has considered each of the elements required by Fed. R. Civ. P. 23(g) in order to ensure that Plaintiffs' Counsel will fairly and adequately represent the interests of the Settlement Class.  Plaintiffs' Counsel who seek to represent the Settlement Class in the Lawsuit have done substantial work to identify or investigate potential claims of the Settlement Class.  They have refined Plaintiffs' allegations though the filing of an Amended Consolidated Complaint.   They have prepared responses to Defendant's Motion to Dismiss.  The Court denied Defendants' Motion.  Plaintiffs' Counsel state that they have investigated the allegations made in the Amended Consolidated Complaint by interviewing witnesses, reviewing publicly available documents and regulatory submissions of ADC Telecommunications, Inc. ("ADC" or the "Company") and the Plan, reviewing discovery responses, including the production of documents by Defendants and third parties, deposing Defendants and consulting with experts.  This is the type of investigation that is proper and sufficient at this stage of the litigation and supports the Court's finding that Plaintiffs' Counsel have fairly and adequately represented the interests of the Settlement Class.  Plaintiffs' Counsel have significant experience in handling class actions and other complex litigation, especially those involving the novel claims brought by Plaintiffs in this Lawsuit for Plan-wide relief from alleged breaches of fiduciary duty pursuant to ERISA §§ 409, 502.  Lastly, Plaintiffs' Counsel have devoted considerable resources to this litigation, including the efficient delegation of work and responsibility among attorneys, paralegals, document clerks, and third party vendors/experts.  The Court concludes that efficient use of the various resources available to Plaintiffs' Counsel has been sufficient to represent the interests of the Settlement Class.

8. The Lawsuit is hereby dismissed with prejudice, each party to bear its own cost, except as provided herein.

9. Upon the Effective Date, pursuant to the terms of the Settlement Agreement, the Plan, both on its own behalf and on behalf of all Plan participants who are members of the Settlement Class, shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of, each and all of the Released Parties from any and all claims, actions, causes of action, demands, obligations, or liabilities that have been brought by the Plan or on behalf of the Plan and arise out of or are related in any way to the acts, omissions, facts, matter, transactions, or occurrences that have been (or could have been) alleged or referred to in the Lawsuit (including, but not limited to, any claims made under ERISA).

10. Upon the Effective Date, pursuant to the terms of the Settlement Agreement, Plaintiffs and each member of the Settlement Class, their heirs, executors, administrators, representatives, successors, and assigns, and any person they represent, shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully, finally, and forever released, relinquished, and discharged, and shall forever be enjoined from prosecution of, each and all of the Released Parties from any and all claims, actions, causes of action , demands, obligations, or liabilities that have been brought by the Plan or on behalf of the Plan and arise out of or are related in any way to the acts, omissions, facts, matters, transactions, or occurrences that have been (or could have been) alleged or referred to in the Lawsuit (including, but not limited to, any claims made under ERISA).

11. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, the Order and Final Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, and the Lawsuit shall proceed in the manner provided in the Settlement Agreement and the Order of Preliminary Approval.

12. Plaintiffs, The Plan, and all Settlement Class Members are permanently enjoined and barred from commencing or prosecuting any action asserting any of the Released Claims against any of the Released Parties, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority, tribunal, or forum wherever located.

13. The Settlement Agreement and this Order and Final Judgment, whether or not consummated, do not and shall not be construed, argued, or deemed in any way to be (a) an admission or concession by Defendants with respect to any of the Settled Claims or evidence of any violation of any statue or law or other wrongdoing, fault, or liability by Defendants, or (b) an admission or concession by the Plaintiffs or any member of the Settlement Class that their claims lack merit or that the defenses that have been or may have been asserted by Defendants have merit.

14. The Settlement Agreement and the Order and Final Judgment shall not be offered or received in evidence by any Settlement Class member or party to this action in any civil or administrative action or proceeding other than proceedings necessary to approve or enforce the terms of the Settlement Agreement and this Order and Final Judgment.

15. Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement and the Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**SO ORDERED** this 16th day of October, 2006.

6

s/Ann D. Montgomery

———————————————
HON. ANN D. MONTGOMERY
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA